**United States District Court**
**District of Columbia**

**AFFIDAVIT OF SPECIAL AGENT ROBERT ZACHARIASIEWICZ IN SUPPORT OF APPLICATION FOR SEARCH WARRANT**

Your affiant, Robert Zachariasiewicz, being duly sworn, hereby deposes and states as follows:

**A. Introduction and Agent Background**

1. I make this affidavit in support of an application for a search warrant for a certain account controlled by the free web-based electronic mail service provider known as MSN Hotmail headquartered at 1065 La Avenida, Mountain View, California 94043. The account to be searched is <u>DOGSTAR7788@HOTMAIL.COM</u> which is further described in the following paragraphs and in Attachment A. As set forth herein, there is probable cause to believe that on the computer systems of MSN Hotmail, there exists evidence, fruits, and instrumentalities of violations of Title 21 United States Code, Section 952 (Importation of a controlled substance), Section 959(a) (Manufacture or distribution for purpose of unlawful importation) and Section 963 (Attempt and Conspiracy).

2. I am a Special Agent of the Drug Enforcement Administration (DEA) assigned to the Bilateral Case Group, Special Operations Division. As such, I am an "investigative or law enforcement officer" of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516(1).

3. I have been employed by the Drug Enforcement Administration ("DEA") as a Special Agent for over 7 years, and am currently assigned to the DEA, Special Operation Division in Chantilly, Virginia. I received fourteen (14) weeks of training at the DEA Academy at Quantico, Virginia, and have received extensive training pertaining to narcotic investigations and the investigation of various crimes which arise from drug trafficking activities.

1

4. I have received specialized training on the subject of narcotics trafficking and money laundering from the DEA and have been personally involved in investigations concerning the possession, manufacture, distribution, and importation of controlled substances, as well as methods used to finance drug transactions.

5. I have participated in and conducted investigations of violations of various State and Federal criminal laws, including unlawful possession with intent to distribute controlled substances, distribution of controlled substances, use of a communication facility to commit narcotic offenses, importation of controlled substances, conspiracy to import, possess and distribute controlled substances, and money laundering, all in violation of Title 21 and Title 18, United States Code. These investigations resulted in arrests of individuals who have imported, smuggled, received and distributed controlled substances, including cocaine, marijuana, heroin, and MDMA, and the arrest of individuals who have laundered proceeds emanating from those illegal activities. Also, these investigations resulted in seizures of illegal drugs and proceeds of the distribution of those illegal drugs.

6. I have also conducted investigations concerning the identification of co-conspirators through the use of telephone records and bills, financial records, drug ledgers, photographs, and other documents. I have also participated in the debriefings of many of those individuals arrested who later cooperated with the Government.

7. I have directed numerous confidential informants and cooperating witnesses to successfully infiltrate various-sized narcotic enterprises via intelligence gathering, participation in consensual recordings and monitored purchases of controlled substances. I have executed search warrants for controlled substances and I have conducted surveillance in connection with numerous narcotic investigations.

8. I am familiar with the operations of illegal international drug trafficking organizations in various parts of the world, including Europe, South America and Asia.

9. I am familiar with the ways in which narcotic traffickers conduct their business, including methods of importing and distributing narcotics, money laundering, the use of satellite phones, cellular telephones and the internet to facilitate their illegal acts, and the use of numerical codes and code words to conduct drug transactions. My training and experience as a Special Agent of the DEA, my conversations with other Special Agents of the DEA, foreign law enforcement, state and local investigators familiar with narcotics trafficking and money laundering matters, form the basis of the opinions and conclusions set forth below, which I drew from the facts set forth herein.

10. In my training and experience, I have learned that MSN Hotmail is a company that provides free web based Internet electronic mail ("e-mail") access to the general public, and that stored electronic communications, including opened and unopened e-mail for MSN Hotmail subscribers may be located on the computers of MSN Hotmail. Further, I am aware that computers located at MSN Hotmail contain information and other stored electronic communications belonging to unrelated third parties. Accordingly, this affidavit and application for search warrant seeks authorization solely to search the computer account and/or files by following the procedures described herein and in Attachment A.

B. **Background Regarding Computers, the Internet, and E-mail**

11. The term "computer" as used herein is defined in 18 U.S.C. 1030(e)(1), and includes an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device.

12. Based on my training, experience and knowledge, I know the following:

    a. The Internet is a worldwide network of computer systems operated by governmental entities, corporations, and universities. In order to access the Internet, an individual computer user must subscribe to an access provider, which operates a host computer

system with direct access to the Internet. The World Wide Web ("www") is a functionality of the Internet, which allows users of the Internet to share information;

b. With a computer connected to the Internet, an individual computer user can make electronic contact with millions of computers around the world. This connection can be made by any means, including modem, local area network, wireless and numerous other methods; and

c. E-mail is a popular form of transmitting messages and/or files in an electronic environment between computer users. When an individual computer user sends e-mail, it is initiated at the user's computer, transmitted to the subscriber's mail server, then transmitted to its final destination. A server is a computer that is attached to a dedicated network and serves many users. An e-mail server may allow users to post and read messages and to communicate via electronic means.

**C. MSN Hotmail**

13. Based on my training and experience, I have learned the following about Hotmail :

a. Hotmail is an e-mail service which is available free of charge to Internet users. Subscribers obtain an account by registering on the Internet with MSN Hotmail. MSN Hotmail requests subscribers to provide basic information, such as name, gender, zip code and other personal/biographical information. However, MSN Hotmail does not verify the information provided;

b. MSN Hotmail maintains electronic records pertaining to the individuals and companies for which they maintain subscriber accounts. These records include account access information, e-mail transaction information, and account application information;

c. Subscribers to MSN Hotmail may access their accounts on servers maintained

and/or owned by Hotmail from any computer connected to the Internet located anywhere in the world;

   d. Any e-mail that is sent to an MSN Hotmail subscriber is stored in the subscriber's "mailbox" on MSN Hotmail's servers until the subscriber deletes the e-mail or the subscriber's mailbox exceeds the storage limits preset by MSN Hotmail. If the message is not deleted by the subscriber, the account is below the maximum limit, and the subscriber accesses the account periodically, that message can remain on MSN Hotmail's servers indefinitely;

   e. When the subscriber sends an e-mail, it is initiated at the user's computer, transferred via the Internet to MSN Hotmail's servers, and then transmitted to its end destination. MSN Hotmail users have the option of saving a copy of the e-mail sent. Unless the sender of the e-mail specifically deletes the e-mail from the MSN Hotmail server, the e-mail can remain on the system indefinitely. The sender can delete the stored e-mail message thereby eliminating it from the e-mail box maintained at MSN Hotmail, but that message will remain in the recipient's e-mail box unless the recipient deletes it as well or unless the recipient's account is subject to account size limitations;

   f. An MSN Hotmail subscriber can store files, including e-mails and image files, on servers maintained and/or owned by MSN Hotmail; and

   g. E-mails and image files stored on a MSN Hotmail server by a subscriber may not necessarily be located in the subscriber's home computer. The subscriber may store e-mails and/or other files on the MSN Hotmail server for which there is insufficient storage space in the subscriber's computer and/or which he/she does not wish to maintain in the computer in his/her residence. A search of the files in the computer in the subscriber's residence will not necessarily uncover the files that the subscriber has stored on the MSN Hotmail server.

**D. Stored Wire and Electronic Communication Access**

 14. Title 18, United States Code, Chapter 121, Sections 2701 through 2711, is entitled "Stored Wire and Electronic Communications and Transactional Records Access."

 a) Title 18, United States Code, Section 2703(a), provides:

> A governmental entity may require the disclosure by a provider of electronic communication service of the contents of a wire or electronic communication, that is in electronic storage in an electronic communications system for one hundred and eighty days or less, only pursuant to a warrant issued using the procedures described in the Federal Rules of Criminal Procedure by a court with jurisdiction over the offense under investigation or equivalent State warrant. A governmental entity may require the disclosure by a provider of electronic communications services of the contents of a wire or electronic communication that has been in electronic storage in an electronic communications system for more than one hundred and eighty days by the means available under subsection (b) of this section.

 b) Title 18, United States Code, Section 2703(b), provides, in part:

> (1) A government entity may require a provider of remote computing service to disclose the contents of any electronic communication to which this paragraph is made applicable by paragraph (2) of this subsection-
>  (A) without required notice to the subscriber or customer, if the governmental entity obtains a warrant issued using the procedures described in the Federal Rules of Criminal Procedure by a court with jurisdiction over the offense under investigation. . .
> (2) Paragraph (1) is applicable with respect to any electronic communication that is held or maintained on that service -
>  (A) On behalf of, and received by means of electronic transmission from (or created by means of computer processing of communications received by means of electronic transmission from), a subscriber or customer of such remote computing service; and
>  (B) Solely for the purpose of providing storage or computer processing services to such subscriber or customer, if the provider is not authorized to access the contents of any such communications for purposes of providing any services other than storage or computer processing.

 c) The government may also obtain records and other information pertaining to a subscriber to or customer of electronic communication service or remote computing service by way of a search warrant. 18 U.S.C. 2703(c)(1)(A). No notice to the subscriber or customer is required. 18 U.S.C. 2703(c)(3).

d) Title 18, United States Code, Section 2711, provides, in part:

> As used in this chapter -
> (1) The terms defined in section 2510 of this title have, respectively, the definitions given such terms in that section; and
> (2) The term "remote computing service" means the provision to the public of computer storage or processing services by means of an electronic communications system.

e) Title 18, United States Code, Section 2510, provides, in part:

> (8) "contents" when used in respect to any wire, oral, or electronic communication, includes any information concerning the substance, purport, or meaning of that communication...
> (14) "electronic communications system" means any wire, radio, electromagnetic, photo optical or photo electronic facilities for the transmission of electronic communications, and any computer facilities or related electronic equipment for the electronic storage of such communications;
> (15) "electronic communications service" means any service which provides the users thereof the ability to send or receive wire or electronic communications;...
> (17) "electronic storage" means -
> > (A) any temporary, intermediate storage of a wire or electronic communication incidental to the electronic transmission thereof; and
> > (B) any storage of such communication by an electronic communication service for purposes of backup protection of such communication.

**E. Search Procedure**

15. In order to ensure that Agents search only those computer accounts and or files described in Attachment A, this affidavit and application for search warrant seeks authorization to permit employees of MSN Hotmail to assist agents in the execution of this warrant. To further ensure that Agents executing this warrant search only those computer accounts and/or files described in Attachment A, the following procedures will be implemented:

   a. The search warrant will be presented to MSN Hotmail personnel who will be directed to isolate those accounts and files described in Attachment A;

   b. In order to minimize any disruption of computer service to innocent third parties, MSN Hotmail employees (with or without law enforcement personnel) trained in the operation of computers will create an exact duplicate of the computer accounts and files

described in Attachment A, including an exact duplicate of all information stored in the computer accounts and files described in Attachment A;[1]

 c. MSN Hotmail employees will provide the exact duplicate in electronic form of the accounts and files described in Attachment A and all information stored in those accounts and files to the agent who serves this search warrant;

 d. Law enforcement personnel will thereafter review the information stored in the accounts and files received from MSN Hotmail employees and then identify and copy the information contained in those accounts and files which are authorized to be further copied by this search warrant; and

 e. Law enforcement personnel will then seal the original duplicate of the accounts and files received from MSN Hotmail employees and will not further review the original duplicate absent an order of the Court.

## F. Basis for Facts Contained in this Affidavit

16. I make this affidavit, in part, based on personal knowledge derived from my participation in this investigation and, in part, based upon information from the following sources:

 a. Oral and written reports about this investigation and others that I have received from United States and foreign law enforcement officers, including agents with Her Majesty's Customs and Excise, the Venezuelan National Guard, Jamaican law enforcement, and Special Agents of the Drug Enforcement Administration;

---

[1] The absence of a law enforcement officer at the time of the actual search in the context of computer files located with an Internet Service Provider has been deemed constitutional. United States v. Bach, 310 F.3d 1063 (8th Cir. 2002), *cert. denied* 123 S. Ct. 1873 (2003).

  b. Physical surveillance conducted by DEA agents or other foreign law enforcement authorities, which observations have been reported to me either directly or indirectly;

  c. A review of log history and Internet Protocol addresses for e-mail accounts.

 17. Except where otherwise noted, the information set forth in this affidavit has been provided to me directly or indirectly by Special Agents of the DEA or other law enforcement officers. Unless otherwise noted, wherever in this affidavit I assert that a statement was made, the information was provided by another law enforcement officer (who may have had either direct or hearsay knowledge of the statement) to whom I have spoken or whose report I have read and reviewed. Such statements are among many statements made by others and are stated in substance, unless otherwise indicated. Similarly, information resulting from surveillance, except where indicated, does not set forth my personal observations but rather has been provided directly or indirectly by other law enforcement officers who conducted such surveillance.

 18. I have not set forth each and every fact learned during the course of this investigation. Rather, I have set forth only the facts that I believe are necessary to establish probable cause for the issuance of a search and seizure warrant based on the instant affidavit.

## G. Probable Cause

 19. Since January of 2003, Her Majesty's Customs and Excise ("HMCE") has been investigating the narcotics trafficking activities of William Fenton, a.k.a. "The Father," a United Kingdom-based Jamaican trafficker. Fenton previously served time in St. Maarten in 2002 and 2003 in relation to his arrest for the trafficking of 8 kilograms of heroin. During this investigation, information has been developed which has led to several seizures of cocaine and cannabis totaling over 1,000 kilograms of cocaine and several tons of cannabis. HMCE has

connected Fenton to these seizures of narcotics. During the investigation, ROGER TAYLOR, A.K.A. ROGER TEXEIRA, A.K.A. ROGER STUART PALLET has been identified as a member of Fenton's narcotics trafficking organization. TAYLOR is a British citizen and is believed to be Fenton's main narcotics representative in the United Kingdom. British Law Enforcement authorities have confirmed that Fenton and TAYLOR have discussed narcotics business and that TAYLOR has indicated that he uses his e-mail account to communicate with others. British Law Enforcement authorities have confirmed that telephones used by TAYLOR have called or been called by telephones used by Fenton. Intelligence received by HMCE indicates that Fenton and TAYLOR are currently coordinating another significant shipment of narcotics.

20. During a prior surveillance of TAYLOR on February 3, 2005, British agents observed TAYLOR enter the Link Telecom Internet Café in London. TAYLOR was observed accessing a Hotmail account. Immediately after TAYLOR left the Café, agents observed the last known account accessed on the computer used by TAYLOR. The account was DOGSTAR7788@HOTMAIL.COM. During surveillance of TAYLOR on the following day, February 4, 2005, TAYLOR was again observed entering an internet café.

21. The e-mail account named DOGSTAR7788@HOTMAIL.COM is subscribed to David Beckham, New York, 10021. There is no street address given. The account was registered on January 18, 2005 and activated on February 1, 2005. No additional subscriber information was given. I note that Hotmail offers free e-mail accounts and does not verify subscriber names or addresses. Since the accounts are offered for free, no billing information is necessary and thus, names and addresses do not need to be verified. Based upon my experience with narcotics-related internet investigations, I am aware that narcotics traffickers often utilize such free services because it allows them to maintain anonymity and further allows them to

create multiple accounts with ease and no expense. In fact, in this case, I note that the name David Beckham is the same name as a famous British soccer player.

22. Log-on records from Hotmail for "dogstar7788@hotmail.com" show that during the period of February 1, 2005 through April 30, 2005, 59 log-ons were made to that e-mail account. An analysis of the IP addresses show that the log-ons were made from the United Kingdom, Venezuela and Bogota, Colombia. The log-ons from Colombia and Venezuela are significant as it is believed that the Fenton Organization receives narcotics from those countries. Upon further analysis of these log-on records, it was also discovered that on several occasions the "dogstar7788" account was accessed from different countries on the same day. For example, on February 3, 2005, the account was accessed from an IP address in Venezuela at 7:11 a.m. and then in the U.K. at 8:54 a.m. On February 13, 2005, the account was accessed from an IP address in the U.K. at 11:50 a.m. and then from an address in Venezuela at 3:10 p.m. Based upon my experience in similar types of investigations, I believe that this activity shows that the account is being used on occasion as a "message board" wherein the account holder shares his password with another individual so that they can communicate on one account without actually sending e-mails. Instead, the communications are directed to the "draft" folder of the account and are later deleted. Such "message board" type communications are often used by narcotics traffickers to communicate because they minimize the possibility of interception by law enforcement.

23. Based upon your affiant's training and experience as an agent with the DEA, your affiant knows that drug traffickers frequently communicate with each other by means of the internet and e-mail. It is also the experience of your affiant that drug traffickers do not use their true identities or their correct addresses, especially if they are trying to avoid law enforcement detection.

24. Your affiant believes that the contents of the above-mentioned e-mail account will contain valuable information that will enable law enforcement to further the investigation against this major drug trafficking organization, corroborate existing information, identify potential defendants not presently known to your affiant, as well as to identify the structure of the organization

## H. Conclusion

25. Based upon the information above, your affiant believes that probable cause exists that on the computer systems owned, maintained, and/or operated by MSN Hotmail headquartered at 1605 La Avenida, Mountain View, California 94043 there exists evidence, fruits, and instrumentalities of violations of Title 21 United States Code, Section 952 (Importation of a controlled substance), Section 959(a) (Manufacture or distribution for purpose of unlawful importation) and Section 963 (Attempt and Conspiracy). By this affidavit and application, I request that the Court issue a search warrant directed to MSN Hotmail to allow agents to seize e-mail, attachments and other information (described in Attachment A, part II) stored on the MSN Hotmail servers for the computer account and files, and following the search procedure described in Attachment A, part I.

05-0278M-01

### I. Request for Sealing

26. Since this investigation is continuing, disclosure of the search warrant, this affidavit, and/or this application and the attachments thereto will jeopardize the progress of the investigation. Accordingly, I request that the Court issue an order that the search warrant, this affidavit in support of application for search warrant, the application for search warrant, and the attachment thereto be filed under seal until further order of this Court, and directing MSN Hotmail not to disclose to the subscriber(s) or any other person the existence of the same application, affidavit, search warrant and attachment, until directed to do so by the Court..

_____
Robert Zachariasiewicz

Special Agent

Drug Enforcement Administration

Sworn to and subscribed before me this __MAY 11 2005__ day of May, 2005.

_____
U.S. Magistrate Judge

ALAN KAY
U.S. MAGISTRATE JUDGE

13

## Attachment A

**A.** <u>Search Procedure</u>

In order to ensure that agents search only the computer accounts or computer files described in this affidavit, the following procedures have been implemented:

1. The warrant will be presented to MSN Hotmail personnel who will be directed to isolate the accounts and files described below;

2. In order to minimize any disruption of computer service to innocent third parties, MSN Hotmail employees and law enforcement personnel trained in the operation of computers will create an exact duplicate of the accounts and files described below, including an exact duplicate of all information stored in the computer accounts or files described below;

3. MSN Hotmail personnel will provide the exact duplicate of the accounts and files described below and all information stored in those accounts and/or files to the agent who serves this search warrant (CD and hard copy form);

4. Law enforcement personnel will thereafter review the information stored in the accounts and files received from MSN Hotmail and then identify and copy only the information contained in those accounts and files which is authorized to be further copied as described below;

5. Law enforcement personnel will then seal the original duplicate of the accounts and files received from MSN Hotmail and will not further review the original duplicate absent an order from the Court.

**B.** <u>Description of Accounts and Computer Files to be Copied by MSN Hotmail</u>

From the date of initiation to the present, for email accounts:
DOGSTAR7788@HOTMAIL.COM

1. All electronic mail stored and presently contained in, or on the behalf of, the electronic mail addresses;

2. All existing printouts from original storage of all of the electronic mail described above;

Attachment A

1

3. All transactional information for all activity of the electronic mail addresses and/or individual accounts described above, including log files, dates, times, methods of connecting, ports, dial-ups, and/or locations.

4. All business records and subscriber information, in any form kept, pertaining to the electronic mail addresses and/or individual accounts described above, including applications, subscribers' full names, all screen names associated with the subscribers and/or accounts, all account names associated with the subscribers, telephone numbers, addresses, passwords, and detailed billing records;

5. All records indicating the services available to subscriber of the electronic mail addresses and/or individual accounts described above;

6. All "contact lists" and address lists" stored and presently contained in, or on behalf of the electronic mail addresses.

## C. Information to be Further Copied by Law Enforcement Personnel

Law enforcement personnel will review and copy the following electronic mail communications:

1. All communications sent to and from the email addresses: DOGSTAR7788@HOTMAIL.COM:

2. All existing printouts from original storage of all of the electronic mail described above;

3. All of the records and information described above.

END OF ATTACHMENT

Attachment A

2